# EXHIBIT A



**A $5 Convenience fee will be added to the transaction at checkout.**

## Case Description

| | |
|---|---|
| **Case ID:** | 211002177 |
| **Case Caption:** | BURNS ETAL VS SHAMA EXPRESS, L.L.C ETAL |
| **Filing Date:** | Wednesday, October 27th, 2021 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | WALDENBERGER, JAMES J |
| **Address:** | KLINE&SPECTER THE NINETEENTH FLOOR 1525 LOCUST STREET PHILADELPHIA PA 19102 (215)772-1000 jim.waldenberger@klinespecter.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | ADMINISTRATRIX - PLAINTIFF | BURNS, EMILY M |
| **Address:** | 4835 CAMP K FARM LANE SPRUCE CREEK PA 16683 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | ABC COMPANIES |

**EXHIBIT**
**A**

| | | | | |
|---|---|---|---|---|
| **Address:** | UNKNOWN<br>UNKNOWN PA unknown | **Aliases:** | *none* | |
| | | | | |
| 4 | | | DEFENDANT | DOES, JOHN |
| **Address:** | UNKNOWN<br>UNKNOWN PA 00000 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | DEFENDANT | XYZ COMPANIES |
| **Address:** | UNKNOWN<br>UNKNOWN PA 00000 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | DEFENDANT | ROES, JOHN |
| **Address:** | UNKNOWN<br>UNKNOWN PA 00000 | **Aliases:** | *none* | |
| | | | | |
| 7 | | 1 | PLAINTIFF | BURNS, EMILY M |
| **Address:** | 4835 CAMP K FARM LANE<br>SPRUCE CREEK PA 16683 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | DEFENDANT | SHAMA EXPRESS LLC |
| **Address:** | 1014 COMMERCE DRIVE<br>GRAFTON OH 44044 | **Aliases:** | *none* | |
| | | | | |
| 9 | | | DEFENDANT | BSE TRAILER LEASING LLC |
| **Address:** | 10228 GOVERNOR LANE<br>BOULEVARD<br>WILLIAMSPORT MD 21795 | **Aliases:** | *none* | |
| | | | | |
| 10 | | | DEFENDANT | AKBARI, MOHAMMED |
| **Address:** | 5934 STUMPH ROAD<br>APT. 408<br>PARMA OH 44130 | **Aliases:** | *none* | |
| | | | | |
| 11 | | | DEFENDANT | ALI SHAH, DILAWAR |
| **Address:** | 1301 WARREN ROAD | **Aliases:** | *none* | |

| 3RD FLOOR LAKEWOOD OH 44107 | | | |
|---|---|---|---|
| | | | |

| 12 | | DEFENDANT | FROST BROOK TRUCKING INC |
|---|---|---|---|
| **Address:** | 13880 TREELINE AVENUE FORT MYERS FL 33913 | **Aliases:** | *none* |
| | | | |

| 13 | | DEFENDANT | LEE JR., ROBERT |
|---|---|---|---|
| **Address:** | 1380 SWEETWATER CV UNIT 104 NAPLES FL 34110 | **Aliases:** | *none* |
| | | | |

| 14 | | DEFENDANT | EDDY, MARK W |
|---|---|---|---|
| **Address:** | 7 SURF AVENUE LEWES DE 19958 | **Aliases:** | *none* |
| | | | |

| 15 | | TEAM LEADER | ANDERS, DANIEL J |
|---|---|---|---|
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 27-OCT-2021 10:42 AM | ACTIVE CASE | | | 27-OCT-2021 10:56 AM |
| **Docket Entry:** | E-Filing Number: 2110052794 | | | |
| | | | | |
| 27-OCT-2021 10:42 AM | COMMENCEMENT CIVIL ACTION JURY | WALDENBERGER, JAMES J | | 27-OCT-2021 10:56 AM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-OCT-2021 | COMPLAINT FILED | WALDENBERGER, | | 27-OCT-2021 |

| 10:42 AM | NOTICE GIVEN | JAMES J | | 10:56 AM |
|---|---|---|---|---|
| **Documents:** | ⚘ Click link(s) to preview/purchase the documents<br>Estate of Burns - Complaint (FINAL 10-26-21).pdf | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 27-OCT-2021 10:42 AM | JURY TRIAL PERFECTED | WALDENBERGER, JAMES J | | 27-OCT-2021 10:56 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 27-OCT-2021 10:42 AM | WAITING TO LIST CASE MGMT CONF | WALDENBERGER, JAMES J | | 27-OCT-2021 10:56 AM |
| **Docket Entry:** | *none.* | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home

**KLINE & SPECTER, P.C.**
By:    THOMAS R. KLINE, ESQ.
        JAMES J. WALDENBERGER, ESQ.
        PATRICK FITZGERALD, ESQ.
        I.D. NOs. 28895/83837/320051
Tom.Kline@KlineSpecter.com
Jim.Waldenberger@KlineSpecter.com
Patrick.Fitzgerald@KlineSpecter.com
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000



*Attorneys for Plaintiff*

**EMILY M. BURNS, IN HER OWN RIGHT
AND AS ADMINISTRATRIX OF THE
ESTATE OF MATTHEW T. BURNS,
DECEASED**
4835 Camp K Farm Lane
Spruce Creek, PA 16683

                              *Plaintiff*
        v.

**SHAMA EXPRESS, L.L.C.**
1014 Commerce Drive
Grafton, OH 44044

and

**BSE TRAILER LEASING, L.L.C.**
10228 Governor Lane Boulevard
Williamsport, MD 21795

and

**MOHAMMED AKBARI**
5934 Stumph Road, Apt. 408
Parma, OH 44130

and

**DILAWAR ALI SHAH**
1301 Warren Road
3ʳᵈ Floor
Lakewood, OH 44107

and

**COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY**

**OCTOBER TERM, 2021**

**NO.:**

**JURY TRIAL DEMANDED**

1

Case ID: 211002177

**FROST BROOK TRUCKING, INC.**
13880 Treeline Avenue
Fort Myers, FL 33913

and

**ROBERT LEE, JR.**
1380 Sweetwater CV Unit 104
Naples, FL 34110

and

**MARK W. EDDY**
7 Surf Avenue
Lewes, DE 19958-2115

and

**ABC COMPANIES**
(fictitious designation of partnerships,
proprietorships, and/or corporations who owned,
employed, and/or controlled the vehicles, trailers
and/or drivers at issue)

and

**JOHN DOES**
(fictitious designation of individual(s) who
owned, employed, and/or controlled the
vehicles, trailers and/or drivers at issue)

and

**XYZ COMPANIES**
(fictitious designation of partnerships,
proprietorships, and/or corporations who
inspected, maintained, serviced and/or repaired
the vehicles and/or trailers at issue)

and

**JOHN ROES**
(fictitious designation of individual(s) who
inspected, maintained, serviced and/or repaired
the vehicles and/or trailers at issue)

2

Case ID: 211002177

*Defendants*

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

**ADVISO**

Le han demandado a used en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

## CIVIL ACTION COMPLAINT

## PARTIES AND VENUE

1.      Plaintiff, Emily M. Burns, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 4835 Camp K Farm Lane, Spruce Creek, PA 16683.

2.      Plaintiff's decedent, Matthew T. Burns, was an adult individual and citizen of the Commonwealth of Pennsylvania.  At all relevant times material hereto, Plaintiff Emily M. Burns was married to Plaintiff's decedent, Matthew T. Burns.

3.      Plaintiff, Emily M. Burns, is the Administratix of the Estate of Matthew T. Burns, deceased, having been so appointed.  *See* Letters of Limited Administration, a true and correct copy of which is attached hereto as Exhibit "A".

3

4.      Defendant, Shama Express, L.L.C., is a limited liability company or other jural entity incorporated under the laws of the State of Ohio with its principal place of business located at 1014 Commerce Drive, Grafton, Ohio 44044.

5.      Upon information and belief, at all times relevant hereto, Defendant, Shama Express, L.L.C., regularly conducted business in Philadelphia County.

6.      At all material times, Defendant, Shama Express, L.L.C. acted by itself and by and through its actual, apparent, and or ostensible agents, servants, and/or employees, including but not limited to Defendants, Mohammed Akbari and/or Dilawar Ali Shah.

7.      At all material times hereto, upon information and belief, Defendant, Shama Express, L.L.C. was the titled owner, registered owner, lessee, and/or lessor of a 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and/or a Hyundai Trailers trailer bearing Tennessee license plate number U523807.

8.      Defendant, BSE Trailer Leasing, L.L.C., is a limited liability company or other jural entity incorporated under the laws of the State of Maryland with its principal place of business located at 10228 Governor Lane Boulevard, Williamsport, Maryland 21795.

9.      Upon information and belief, at all times relevant hereto, Defendant, BSE Trailer Leasing, L.L.C., regularly conducted business in Philadelphia County.

10.     At all material times, Defendant, BSE Trailer Leasing, L.L.C. acted by itself and by and through its actual, apparent, and or ostensible agents, servants, and/or employees, including but not limited to Defendants, Mohammed Akbari and/or Dilawar Ali Shah.

11.     At all material times hereto, upon information and belief, Defendant, BSE Trailer Leasing, L.L.C. was the titled owner, registered owner, lessee, and/or lessor of a 2016 Volvo motor

Case ID: 211002177

vehicle (VIN: 4V4NC9EH3GN940049) and/or a Hyundai Trailers trailer bearing Tennessee license plate number U523807.

12.     Defendant, Mohammed Akbari is an adult individual and citizen of State of Ohio, residing therein at 5934 Stumph Road, Apt. 408, Parma, Ohio 44130.

13.     At all times material hereto, Defendant, Mohammed Akbari was an actual, apparent, and/or ostensible agent, servant, and/or employee of Shama Express, L.L.C., and/or BSE Trailer Leasing, L.L.C.

14.     At all times material hereto, Defendant, Mohammed Akbari engaged in the actions set forth below and/or operated the aforementioned 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807, and was acting within the course and scope of his employment with Shama Express, L.L.C. and/or BSE Trailer Leasing, L.L.C.

15.     Defendant, Dilawar Ali Shah is an adult individual and citizen of State of Ohio, residing therein at 1301 Warren Road, 3rd Floor, Lakewood, Ohio 44107.

16.     At all times material hereto, Defendant, Dilawar Ali Shah was an actual, apparent, and/or ostensible agent, servant, and/or employee of Shama Express, L.L.C., and/or BSE Trailer Leasing, L.L.C.

17.     At all times material hereto, Defendant, Dilawar Ali Shah engaged in the actions set forth below and/or operated the aforementioned 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807, and was acting within the course and scope of his employment with Shama Express, L.L.C. and/or BSE Trailer Leasing, L.L.C.

Case ID: 211002177

18.     Defendant, Frost Brook Trucking, Inc. is a corporation or other jural entity incorporated under the laws of the State of Florida with its principal place of business located at 13880 Treeline Avenue, S Unit 7, Fort Meyers, Florida 33913.

19.     Upon information and belief, at all times relevant hereto, Defendant Frost Brook Trucking, Inc. regularly conducted business in Philadelphia County.

20.     At all material times, Defendant, Frost Brook Trucking, Inc. acted by itself and by and through its actual, apparent, and or ostensible agents, servants, and/or employees, including but not limited to Mark Eddy and/or Robert Lee, Jr.

21.     At all material times hereto, upon information and belief, Defendant, Frost Brook Trucking, Inc. was the titled owner, registered owner, lessee, and/or lessor of a 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or a Wabash National trailer bearing Florida license plate number 3743CX.

22.     Defendant, Robert Lee, Jr. is an adult individual and citizen of State of Florida, residing therein at 1380 Sweetwater CV Unit 104, Naples, Florida 34104.

23.     Upon information and belief, at all times relevant hereto, Defendant, Robert Lee, Jr. regularly conducted business in Philadelphia County.

24.     At all material times, Defendant, Robert Lee, Jr. acted by himself and by and through his actual, apparent, and or ostensible agents, servants, and/or employees, including but not limited to Mark W. Eddy.

25.     At all material times hereto, upon information and belief, Defendant Robert Lee, Jr. engaged in the actions set forth below and/or was the titled owner, registered owner, lessee, and/or lessor of a 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or a Wabash National trailer bearing Florida license plate number 3743CX.

6

Case ID: 211002177

26.     Defendant Mark W. Eddy is an adult individual and citizen of Delaware, residing therein at 7 Surf Avenue, Lewes, Delaware 19958-2115.

27.     At all times material hereto, Defendant Mark W. Eddy was an actual, apparent, and/or ostensible agent, servant, and/or employee of Defendant Frost Brook Trucking, Inc. and/or Defendant Robert Lee, Jr.

28.     At all times material hereto, Defendant Mark W. Eddy engaged in the actions set forth below and/or operated the aforementioned 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and Wabash National trailer bearing Florida license plate number 3743CX, and was acting within the course and scope of his employment with Defendant Frost Brook Trucking, Inc. and/or Defendant Robert Lee, Jr.

29.     Defendants, ABC Companies, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were partnerships, proprietorships, and/or corporations who owned, employed, and/or controlled the subject motor vehicle(s), trailer(s), and/or driver(s) of the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807.

30.     Defendants, John Does, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were individuals who owned, employed, and/or controlled the subject motor vehicle(s), trailer(s), and/or driver(s) of the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN:

Case ID: 211002127

4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807.

31.     Defendants, XYZ Companies, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were partnerships, proprietorships, and/or corporations who inspected, maintained, serviced, and/or repaired the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer(s) bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer(s) bearing Tennessee license plate number U523807.

32.     Defendants, John Roes, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were individuals who inspected, maintained, serviced, and/or repaired the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer(s) bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer(s) bearing Tennessee license plate number U523807.

33.     At all relevant times, all Defendants were the employees, agents, brokers, servants, alter-egos and/or instrumentalities of one another and acted and/or failed to act through their employees, agents, brokers, servants, alter-egos and/or instrumentalities, each and all of whom were working within the course and scope of their authority and/or employment.

34.     The amount in controversy exceeds the local rules for amount in controversy requiring arbitration.

Case ID: 211002177

35.     Venue is proper in Philadelphia County pursuant to Pa. R.C.P. 2179(a)(2) and Pa. R.C.P. 1006(c), among others, because at least one defendant regularly conducts business in Philadelphia County.

## OPERATIVE FACTS

36.     The allegations set forth above are incorporated herein by reference as if set forth in full.

37.     On Sunday, December 20, 2020, shortly before 4:36 am, the tractor-trailer owned by Defendant Shama Express, L.L.C. and/or BSE Trailer Leasing, L.L.C., and operated by Mr. Akbari and/or Mr. Ali Shah, was traveling westbound on Interstate 80 ("I-80") in Pine Township, Clearfield County, Pennsylvania.

38.     On the aforementioned date and time, it was snowing and the road surface of I-80 westbound was wet and covered with snow.

39.     On the aforementioned date and time, at or near I-80 westbound mile marker 110.4, Mr. Akbari and/or Mr. Ali Shah was operating their tractor-trailer at an excessive and unsafe speed given the conditions and circumstances existing at that time and failed to maintain control of the vehicle.

40.     On the aforementioned date and time, Mr. Akbari and/or Mr. Ali Shah lost control, jack-knifed the tractor-trailer, and came to an uncontrolled stop on the westbound lanes of I-80. As a result, the tractor-trailer blocked the entire left lane and part of the right lane of travel of I-80 westbound at or near mile marker 110.4.

41.     Once stopped and blocking the roadway of I-80, Mr. Akbari and/or Mr. Ali Shah failed to activate the tractor-trailer's hazard lights.

Case ID: 211002177

42.     Upon information and belief, one or more of the braking systems of the tractor-trailer operated by Mr. Akbari and/or Mr. Ali Shah were in disrepair, improperly balanced, poorly maintained, and/or out of adjustment.

43.     On December 20, 2020 at approximately 4:37 am, the tractor-trailer owned by Defendants Frost Brook Trucking, Inc. and/or Robert Lee, Jr. and operated by Mr. Eddy, was traveling westbound on I-80 in the right lane approaching mile marker 110.4.

44.     On the aforementioned date and time, Matthew Burns was the operator of a 2007 Honda Odyssey bearing Pennsylvania license plate KSJ-8148 (hereinafter referred to as the "2007 Honda") traveling westbound on I-80 in the left lane approaching mile marker 110.4.

45.     At all relevant times, Plaintiff Emily Burns was seated in the front right passenger seat of the 2007 Honda.

46.     At all relevant times, minor, T.B., was seated in a back seat, front-facing child safety seat of the 2007 Honda.

47.     At all relevant times, minor, C.B., was seated in a back seat, front-facing child safety seat of the 2007 Honda.

48.     At all relevant times, minor, A.B., was seated in a back seat, rear-facing child safety seat of the 2007 Honda.

49.     On the aforementioned date and time, Mr. Eddy operated his tractor-trailer carelessly and negligently so as to prevent Mr. Burns from avoiding a collision with Mr. Akbari's and/or Mr. Ali Shah's vehicle.

50.     On the aforementioned date and time, Mr. Eddy improperly failed to adequately reduce the speed of his vehicle and/or blocked Mr. Burns' access to the right lane causing Mr.

Case ID: 211002177

Burns' vehicle to collide with the jack-knifed tractor-trailer blocking the westbound lanes of I-80 and Mr. Eddy's tractor-trailer travelling in the right-hand lane of the roadway.

51.     As a result of the collision, Mr. Burns suffered conscious pain and suffering and fatal injuries.

52.     The aforementioned motor vehicle collision and Plaintiffs' injuries and damages were caused solely and wholly by reason of the negligence of all Defendants, individually and/or jointly and severally, as described herein, and were not caused thereto by any negligence on the part of Plaintiff or Plaintiff's decedent, Mr. Burns.

53.     Plaintiff and Plaintiff's decedent suffered the following injuries, harm and/or damages as a result of this incident:

a.     impact injuries to the neck, chest and abdomen;

b.     conscious pain and suffering;

c.     death;

d.     lost wages;

e.     lost earning capacity;

f.     medical expenses and other necessary life care costs;

g.     embarrassment, disfigurement and humiliation;

h.     loss of life's pleasures;

i.     injuries and conditions set forth in Matthew Burns' medical records;

j.     funeral expenses;

k.     mental anguish;

l.     loss of consortium;

m.     loss of services, society, comfort, and companionship;

11

Case ID: 211002177

n.   loss of care, guidance and tutelage;

o.   all damages allowable under the Survival Act, 42 Pa. C.S.A. §8302, the applicable Rules of Civil Procedure and the decisional law interpreting the Survival Act, including damages for lost earnings of Matthew Burns between the time of his injury and his death, his total estimated future earning power less his cost of personal maintenance, and/or pain and suffering endured by Matthew Burns prior to his death, including, but not limited to, physical pain and suffering, mental pain and suffering, mental suffering, loss of life's pleasures, disfigurement, and humiliation; and

p.   all damages allowed under the Wrongful Death Act, 42 Pa. C.S.A. §8301, the applicable Rules of Civil Procedure and all decisional law interpreting the Wrongful Death Act, including damages for medical, funeral, and burial expenses, expenses of administration, monetary support Matthew Burns would have provided during his lifetime, the value of services provided or which could have been expected to have been performed in the future by Matthew Burns, and all pecuniary losses suffered as a result of Matthew Burns' death.

## COUNT I – NEGLIGENCE

### PLAINTIFF
### v.
### SHAMA EXPRESS, LLC

54.   The allegations set forth above are incorporated herein by reference as if set forth in full.

55.   The negligent acts and/or omissions of Defendant Shama Express, LLC, directly, as well as vicariously through its agents, servants, and/or employees, including but not limited to, Defendant Mohammed Akbari and/or Mr. Ali Shah, consisted, inter alia, of any or all the following:

a.   operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.   operating the tractor-trailer in an inattentive manner;

c.   failing to maintain one lane of travel;

12

Case ID: 211002177

d. failing to maintain control of the vehicle;

e. allowing the vehicle to jack-knife;

f. failing to properly inspect the braking system;

g. failing to detect that the braking system was in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

h. failing to properly perform a pre-trip inspection;

i. failing to adequately repair and/or maintain the braking system;

j. Operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k. operating the tractor-trailer in an inattentive manner;

l. operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

m. failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n. failing to maintain one lane of travel;

o. failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p. failing to keep a proper lookout for hazards and other vehicles on the roadway;

q. failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r. failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

Case ID: 211002177

s.  failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t.  operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

u.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

v.  failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

w.  failing to properly train and supervise its agent, servant, and/or employees;

x.  failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

y.  failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

z.  failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles, including but not limited to the braking systems; and

aa. failing to properly maintain its vehicles in safe and reasonable condition.

56. As a direct and proximate result of the Defendant Shama Express, LLC's negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth herein.

14

Case ID: 211002177

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT II – NEGLIGENCE

**PLAINTIFF**
**v.**
**BSE TRAILER LEASING, LLC**

57.     The allegations set forth above are incorporated herein by reference as if set forth in full.

58.     The negligent acts and/or omissions of Defendant BSE Trailer Leasing, LLC, directly, as well as vicariously through its agents, servants, and/or employees, including but not limited to, Defendant Mohammed Akbari and/or Mr. Ali Shah, consisted, inter alia, of any or all the following:

    a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

    b.  operating the tractor-trailer in an inattentive manner;

    c.  failing to maintain one lane of travel;

    d.  failing to maintain control of the vehicle;

    e.  allowing the vehicle to jack-knife;

    f.  failing to properly inspect the braking system;

    g.  failing to detect that the braking system was in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

    h.  failing to properly perform a pre-trip inspection;

    i.  failing to adequately repair and/or maintain the braking system;

Case ID: 211002177

j.  Operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k.  operating the tractor-trailer in an inattentive manner;

l.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

m.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n.  failing to maintain one lane of travel;

o.  failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p.  failing to keep a proper lookout for hazards and other vehicles on the roadway;

q.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r.  failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

s.  failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t.  operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

u.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

16

Case ID: 211002177

v.  failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

w.  failing to properly train and supervise its agent, servant, and/or employees;

x.  failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

y.  failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

z.  failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles and/or trailers, including but not limited to the braking systems; and

aa. failing to properly maintain its vehicles and/or trailers in safe and reasonable condition.

59.    As a direct and proximate result of the Defendant BSE Trailer Leasing, LLC's negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth herein.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

Case ID: 211002177

## COUNT III – NEGLIGENCE

### PLAINTIFF
### v.
### MOHAMMED AKBARI

60.     The allegations set forth above are incorporated herein by reference as if set forth in full.

61.     The negligent acts and/or omissions of Defendant, Mohammed Akbari, consisted, inter alia, of any or all the following:

a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.  operating the tractor-trailer in an inattentive manner;

c.  failing to maintain one lane of travel;

d.  failing to maintain control of the vehicle;

e.  allowing the vehicle to jack-knife;

f.  failing to properly inspect the braking system;

g.  failing to detect that the braking system was in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

h.  failing to properly perform a pre-trip inspection;

i.  failing to adequately repair and/or maintain the braking system;

j.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k.  operating the tractor-trailer in an inattentive manner;

l.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

18

Case ID: 211002177

m. failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n. failing to maintain one lane of travel;

o. failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p. failing to keep a proper lookout for hazards and other vehicles on the roadway;

q. failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r. failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

s. failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t. operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway; and

u. negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania.

62. As a direct and proximate result of the Defendant Mohammed Akbari's negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth herein.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

Case ID: 211002177

## COUNT IV – NEGLIGENCE

### PLAINTIFF
v.
### DILAWAR ALI SHAH

63.     The allegations set forth above are incorporated herein by reference as if set forth in full.

64.     The negligent acts and/or omissions of Defendant, Dilawar Ali Shah, consisted, inter alia, of any or all the following:

a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.  operating the tractor-trailer in an inattentive manner;

c.  failing to maintain one lane of travel;

d.  failing to maintain control of the vehicle;

e.  allowing the vehicle to jack-knife;

f.  failing to properly inspect the braking system;

g.  failing to detect that the braking system was in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

h.  failing to properly perform a pre-trip inspection;

i.  failing to adequately repair and/or maintain the braking system;

j.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k.  operating the tractor-trailer in an inattentive manner;

l.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

Case ID: 211002177

m.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n.  failing to maintain one lane of travel;

o.  failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p.  failing to keep a proper lookout for hazards and other vehicles on the roadway;

q.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r.  failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

s.  failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t.  operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway; and

u.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania.

65. As a direct and proximate result of the Defendant Dilawar Ali Shah's negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth herein.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

Case ID: 211002177

## COUNT V – NEGLIGENCE

**PLAINTIFF**
**v.**
**FROST BROOK TRUCKING, INC.**

66.     The allegations set forth above are incorporated herein by reference as if set forth in full.

67.     The negligent acts and/or omissions of Defendant Frost Brook Trucking, Inc., directly, as well as vicariously through its agents, servants, and/or employees, including but not limited to, Defendant Mark W. Eddy and/or Defendant Robert Lee, Jr., consisted, inter alia, of any or all the following:

a.   operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.   operating the tractor-trailer in an inattentive manner;

c.   operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

d.   failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

e.   failing to keep a proper lookout for hazards and other vehicles on the roadway;

f.   failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

g.   failing to have the tractor-trailer under proper control so as to be able to stop and/or slow down and avoid the collision;

h.   operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

22

Case ID: 211002177

i.  operating the vehicle in such a fashion so as to prevent Mr. Burns from avoiding a collision with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

j.  blocking Mr. Burns' access to the right lane causing Mr. Burns' vehicle to collide with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

k.  striking Mr. Burns' vehicle and/or operating his vehicle in a manner forcing Mr. Burns to strike his vehicle;

l.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

m.  failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

n.  failing to properly train and supervise its agent, servant, and/or employees;

o.  failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

p.  failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

q.  failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles and/or trailers, including but not limited to the braking systems; and

r.  failing to properly maintain its vehicles and/or trailers in safe and reasonable condition.

Case ID: 211002177

68. As a direct and proximate result of the Defendant Frost Brook Trucking, Inc.'s negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages set forth above.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT VI – NEGLIGENCE

### PLAINTIFF
### v.
### ROBERT LEE, JR.

69.     The allegations set forth above are incorporated herein by reference as if set forth in full.

70.     The negligent acts and/or omissions of Defendant Robert Lee, Jr. directly, as well as vicariously through his agents, servants, and/or employees, including but not limited to, Defendant Mark W. Eddy, consisted, inter alia, of any or all the following:

a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.  operating the tractor-trailer in an inattentive manner;

c.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

d.  failing to keep a proper lookout for hazards and other vehicles on the roadway;

e.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

Case ID: 211002177

f.  failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

g.  failing to have the tractor-trailer under proper control so as to be able to stop and/or slow down and avoid the collision;

h.  operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

i.  operating the vehicle in such a fashion so as to prevent Mr. Burns from avoiding a collision with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

j.  blocking Mr. Burns' access to the right lane causing Mr. Burns' vehicle to collide with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

k.  striking Mr. Burns' vehicle and/or operating his vehicle in a manner forcing Mr. Burns to strike his vehicle;

l.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

m.  failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

n.  failing to properly train and supervise its agent, servant, and/or employees;

o.  failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

p.  failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

Case ID: 211002177

q.  failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles and/or trailers, including but not limited to the braking systems; and

r.  failing to properly maintain its vehicles and/or trailers in safe and reasonable condition.

71.    As a direct and proximate result of the Defendant Robert Lee, Jr.'s negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth above.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT VII – NEGLIGENCE

### PLAINTIFF
### v.
### MARK W. EDDY

72.    The allegations set forth above are incorporated herein by reference as if set forth in full.

73.    The negligent acts and/or omissions of Defendant Mark W. Eddy consisted, inter alia, of any or all the following:

a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

b.  operating the tractor-trailer in an inattentive manner;

c.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

26

Case ID: 211002177

d.   failing to keep a proper lookout for hazards and other vehicles on the roadway;

e.   failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

f.   failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

g.   failing to have the tractor-trailer under proper control so as to be able to stop and/or slow down and avoid the collision;

h.   operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

i.   operating the vehicle in such a fashion so as to prevent Mr. Burns from avoiding a collision with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

j.   blocking Mr. Burns' access to the right lane causing Mr. Burns' vehicle to collide with Mr. Akbari's and/or Mr. Ali Shah's vehicle;

k.   striking Mr. Burns' vehicle and/or operating his vehicle in a manner forcing Mr. Burns to strike his vehicle; and

l.   negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania.

74.   As a direct and proximate result of the Defendant Mark W. Eddy's negligence and carelessness, as described herein, Plaintiff and Plaintiff's decedent were caused to suffer the harms and damages as set forth herein.

Case ID: 211002177

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT VIII – NEGLIGENCE

**PLAINTIFF**
**v.**
**DEFENDANTS, XYZ COMPANIES AND JOHN ROES**

75.     The allegations set forth above are incorporated herein by reference as if set forth in full.

76.     Defendants, XZY Companies, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were partnerships, proprietorships, and/or corporations who inspected, maintained, serviced, and/or repaired the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer(s) bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer(s) bearing Tennessee license plate number U523807.

77.     Defendants, John Roes, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were individuals who inspected, maintained, serviced, and/or repaired the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer(s) bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer(s) bearing Tennessee license plate number U523807.

78.     At all relevant times, Defendants, XYZ Companies and John Roes, were the inspectors, maintainers, servicers, and/or repairers of the 2015 Freightliner motor vehicle (VIN:

Case ID: 211002177

3AKJGLD54FSFN3457) and/or Wabash National trailer(s) bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer(s) bearing Tennessee license plate number U523807 involved in this motor vehicle incident that occurred.

79.     In the manner described below, Defendants, XYZ Companies and John Roes, failed to use reasonable care in the maintenance and use of the aforementioned vehicles and/or trailers and to protect individuals, such as Plaintiffs, from foreseeable harm.

80.     The negligent acts and/or omissions of Defendants XYZ Companies and John Roes, for which they are directly and vicariously liable, consisted, inter alia, of any or all the following:

    a.  operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

    b.  operating the tractor-trailer in an inattentive manner;

    c.  failing to maintain one lane of travel;

    d.  failing to maintain control of the vehicle;

    e.  allowing the vehicle to jack-knife;

    f.  failing to properly inspect the vehicle and/or trailer, including the braking and steering systems and wheels and tires;

    g.  failing to detect that the vehicle and/or trailer, including the braking and steering systems and wheels and tires, were in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

    h.  failing to properly perform a pre-trip inspection;

    i.  failing to adequately service, repair and/or maintain the vehicle and/or trailer, including the braking and steering systems and wheels and tires;

Case ID: 211002177

j.  Operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k.  operating the tractor-trailer in an inattentive manner;

l.  operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

m.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n.  failing to maintain one lane of travel;

o.  failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p.  failing to keep a proper lookout for hazards and other vehicles on the roadway;

q.  failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r.  failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

s.  failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t.  operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

u.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

Case ID: 211002177

v.   failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

w.  failing to properly train and supervise its agent, servant, and/or employees;

x.   failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

y.   failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

z.   failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles, including but not limited to the braking and steering systems and wheels and tires;

aa.  failing to hire competent employees who were qualified to inspect, repair, service, and/or maintain the subject vehicle(s) and/or trailer(s);

bb.  failing to properly train and supervise its agents, servants, and/or employees with respect to the inspection, repair, maintenance, and/or service of vehicles and/or trailers;

cc.  failing to establish, implement, and/or enforce policies and procedures for the safe inspection, repair, maintenance, and/or service of vehicles and/or trailers;

dd.  failing to establish and enforce rules, policies, and procedures for the inspection, repair, maintenance, and/or service of vehicles and/or trailers, including but not limited to the braking and steering systems and wheels and tires; and

ee.  failing to properly maintain its vehicles and/or trailers in safe and reasonable condition.

31

Case ID: 211002177

81.    The above-referenced conduct of the Defendants was the direct and proximate causes of, and/or substantial contributing factors to, Plaintiff's harms as set forth above.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT IX – NEGLIGENCE

**PLAINTIFF**
**v.**
**DEFENDANTS, ABC COMPANIES AND JOHN DOES**

82.    The allegations set forth above are incorporated herein by reference as if set forth in full.

83.    Defendants, ABC Companies, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were partnerships, proprietorships, and/or corporations operating who owned, employed, and/or controlled the subject motor vehicle(s), trailer(s), and/or driver(s) of the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807.

84.    Defendants, John Does, said names being fictitious, the true names being unknown to Plaintiff after reasonable search with due diligence, were individuals who owned, employed, and/or controlled the subject motor vehicle(s), trailer(s), and/or driver(s) of the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN:

Case ID: 211002177

4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807.

85.    At all relevant times, Defendants, ABC Companies and John Does, were the owners, employers, possessors, and/or controllers of the subject motor vehicle(s), trailer(s), and/or driver(s) of the 2015 Freightliner motor vehicle (VIN: 3AKJGLD54FSFN3457) and/or Wabash National trailer bearing Florida license plate number 3743CX, and/or the 2016 Volvo motor vehicle (VIN: 4V4NC9EH3GN940049) and Hyundai Trailers trailer bearing Tennessee license plate number U523807 involved in this motor vehicle incident that occurred.

86.    The negligent acts and/or omissions of Defendants ABC Companies and John Does, for which they are directly and vicariously liable, consisted, inter alia, of any or all the following:

    a.   operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

    b.   operating the tractor-trailer in an inattentive manner;

    c.   failing to maintain one lane of travel;

    d.   failing to maintain control of the vehicle;

    e.   allowing the vehicle to jack-knife;

    f.   failing to properly inspect the vehicle and/or trailer, including the braking and steering systems and wheels and tires;

    g.   failing to detect that the vehicle and/or trailer, including the braking and steering systems and wheels and tires, were in disrepair, improperly balanced, poorly maintained, and/or out of adjustment;

    h.   failing to properly perform a pre-trip inspection;

Case ID: 211002177

i.   failing to adequately service, repair and/or maintain the vehicle and/or trailer, including the braking and steering systems and wheels and tires;

j.   Operating the tractor-trailer in a careless manner under the circumstances and in violation of the pertinent traffic laws;

k.   operating the tractor-trailer in an inattentive manner;

l.   operating the tractor-trailer at an excessive speed under the prevailing traffic and weather conditions;

m.   failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

n.   failing to maintain one lane of travel;

o.   failing to activate hazard lights after tractor-trailer jack-knifed in the middle of the highway;

p.   failing to keep a proper lookout for hazards and other vehicles on the roadway;

q.   failing to have the tractor-trailer under proper and adequate control under the prevailing traffic and weather conditions;

r.   failing to use caution and operate properly the tractor-trailer, including application or use of the braking mechanism and/or accelerator, to avoid a collision;

s.   failing to have the tractor-trailer under proper control so as to be able to stop and avoid the collision;

t.   operating the tractor-trailer without due regard to the rights, safety, and position of other motor vehicles on the roadway;

Case ID: 211002177

u.  negligently and recklessly operating the tractor-trailer in total disregard of the rules of the road, the ordinances of Pine Township, and the Motor Vehicle Code of the Commonwealth of Pennsylvania;

v.  failing to hire competent employees and/or commercial drivers who were qualified to operate safely a tractor-trailer;

w.  failing to properly train and supervise its agent, servant, and/or employees;

x.  failing to establish, implement, and/or enforce policies and procedures for the safe operation of its tractor-trailer;

y.  failing to establish, implement, and/or enforce policies and procedures concerning the hours and distance that its commercial drivers may be operating tractor-trailers on the road;

z.  failing to establish and enforce rules, policies, and procedures for the repair and maintenance of its vehicles, including but not limited to the braking and steering systems and wheels and tires;

aa. failing to hire competent employees who were qualified to inspect, repair, service, and/or maintain the subject vehicle(s) and/or trailer(s);

bb. failing to properly train and supervise its agents, servants, and/or employees with respect to the inspection, repair, maintenance, and/or service of vehicles and/or trailers;

cc. failing to establish, implement, and/or enforce policies and procedures for the safe inspection, repair, maintenance, and/or service of vehicles and/or trailers;

35

Case ID: 211002177

dd. failing to establish and enforce rules, policies, and procedures for the inspection, repair, maintenance, and/or service of vehicles and/or trailers, including but not limited to the braking and steering systems and wheels and tires; and

ee. failing to properly maintain its vehicles and/or trailers in safe and reasonable condition.

87.     The above-referenced conduct of the Defendants was the direct and proximate causes of, and/or substantial contributing factors to, Plaintiff's harms as set forth above.

WHEREFORE, Plaintiff demands damages against all Defendants, individually, jointly and/or severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH ACT

**PLAINTIFF**
**v.**
**ALL DEFENDANTS**

88.     The allegations set forth above are incorporated herein by reference as if set forth in full.

89.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, deceased, brings this cause of action on behalf of the beneficiaries under and by virtue of the Acts of 1855, P.L. 309, as amended, 42 Pa. C.S. § 8301, the applicable Rules of Civil Procedure and decisional law.

90.     Plaintiff's decedent, Matthew T. Burns, left surviving him the following persons who may be entitled to recover for damages under the Pennsylvania Wrongful Death Act:

a.     Emily M. Burns (spouse)
4835 Camp K Farm Lane
Spruce Creek, PA 16683
DOB:  4/11/1986

36

Case ID: 211002177

b.      T.B. (minor son)
4835 Camp K Farm Lane
Spruce Creek, PA 16683
DOB: XX/XX/2015

c.      C.B. (minor daughter)
4835 Camp K Farm Lane
Spruce Creek, PA 16683
DOB: XX/XX/2017

d.      A.B. (minor daughter)
4835 Camp K Farm Lane
Spruce Creek, PA 16683
DOB: XX/XX/2019

91.    As a result of the negligent and careless acts and omissions of the Defendants, as set forth above, Plaintiff's decedent, Matthew T. Burns, was caused grave injuries and death resulting in the entitlement of damages by aforementioned beneficiaries under the Wrongful Death Act.

92.    Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims damages for all administrator's expenses recoverable under the Wrongful Death Act, including, but not limited to, damages for hospital, medical, funeral, and burial expenses, and expenses of administration necessitated by reason of injuries causing decedent's death.

93.    Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims damages for loss of the monetary support that decedent would have provided to his beneficiaries during the decedent's lifetime, including, but not limited to, earnings, maintenance, support, and other similar losses recognized under the Wrongful Death Act that his beneficiaries would have received for the rest of decedent's natural life.

Case ID: 211002177

94.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims under the Wrongful Death Act damages for the services provided or which could have been expected to have been performed in the future by decedent.

95.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims damages under the Wrongful Death Act for all pecuniary losses suffered by beneficiaries.

96.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims under the Wrongful Death Act damages to compensate the beneficiaries for the loss of contribution between the time of death and today, and the amount of support that decedent would have contributed in the future.

97.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims on behalf of the beneficiaries damages under the Wrongful Death Act for loss of guidance, tutelage and other similar losses recognized under the Wrongful Death Act that would have been provided by decedent.

98.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims on behalf of the Wrongful Death Act beneficiaries damages under the Wrongful Death Act damages for the loss of companionship, comfort, society, guidance, solace and protection of decedent.

99.     Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims under the Wrongful Death Act the full measure of damages allowed under the law and under the categories of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

Case ID: 211002177

WHEREFORE, Plaintiff demands damages against all Defendants individually, and jointly and severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

## SECOND CAUSE OF ACTION - SURVIVAL ACT

### PLAINTIFF
### v.
### ALL DEFENDANTS

100.   Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, brings this Survival Action on behalf of the Estate of Matthew Burns, under and by virtue of 42 Pa. C.S. § 8302, the applicable Rules of Civil Procedure and decisional law.

101.   As a result of the negligence and carelessness of Defendants, as set forth above, Plaintiff's decedent, Matthew T. Burns, was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Survival Act.

102.   As a result of the death of Matthew T. Burns, his Estate has been deprived of the economic value of his life expectancy and Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, on behalf of Survival Act beneficiaries, claim under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all loss of income, earnings, retirement income and benefits and Social Security income, until death, as a result of decedent's death.

103.   Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, and on behalf of Survival Act beneficiaries, further claim under the Survival Act the total amount that decedent would have earned between today and the end of his life expectancy. Plaintiff especially seeks the total amount of future lost earning capacity, including,

Case ID: 211002177

but not limited to, the total amount of future lost earnings and earning capacity, including, but not limited to, the total lost future net earnings for decedent, less his cost of personal maintenance.

104.    Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, and on behalf of Survival Act beneficiaries, further claims under the Survival Act damages for embarrassment, disfigurement, humiliation, and mental anguish.

105.    Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, and on behalf of Survival Act beneficiaries, further claims under the Survival Act damages for the conscious pain and suffering and inconvenience endured by decedent prior to his death, including, but not limited to, physical pain and suffering, mental pain and suffering and the fright and mental suffering attributed to the peril leading to decedent's death.

106.    Plaintiff Emily M. Burns, individually and as Administratrix of the Estate of Matthew T. Burns, claims the full measure of damages under the Survival Act and decisional law interpreting said Act.

WHEREFORE, Plaintiff demands damages against all Defendants individually, and jointly and severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

### THIRD CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**PLAINTIFF**
v.
**ALL DEFENDANTS**

107.    The allegations set forth above are incorporated herein by reference as if set forth in full.

108.    At all relevant times hereto, Plaintiff Emily M. Burns, was a lawful passenger in the 2017 Honda and in personal danger of physical impact, feared such physical impact, and/or

Case ID: 211002177

suffered physical injury as a result of the severe emotional distress caused by the negligent and careless acts and omissions of Defendants and the subject motor vehicle incident, as described above.

109.    At all relevant times hereto, Plaintiff Emily M. Burns, was present and contemporaneously witnessed the negligent and careless acts and omissions of Defendants, as described above, and the resulting death of her husband, Matthew T. Burns, deceased.

110.    As a result of the negligent acts and omissions of Defendants as set forth in this Complaint, Plaintiff Emily M. Burns, suffered and will continue to suffer physical manifestations of severe emotional distress, including, but not limited to, anxiety, depression, flashbacks, and nightmares.

WHEREFORE, Plaintiff demands damages against all Defendants individually, and jointly and severally, in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

KLINE & SPECTER, P.C.

Date:  10-27-2021          By:  _____

Thomas R. Kline, Esquire
James J. Waldenberger, Esquire
Patrick Fitzgerald, Esquire
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000 (p)
*Attorneys for Plaintiff*

41

Case ID: 211002177

## **VERIFICATION**

I, Emily M. Burns, hereby verify that I am the Plaintiff in this action and that the foregoing Complaint is based upon information that I have furnished to my counsel and information that has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of the affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

_____
EMILY M. BURNS

42

# EXHIBIT A

1

Case ID: 211002177



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF HUNTINGDON**                                          **SHORT CERTIFICATE**



I, _____VIRGINIA COOPER_____
Register for the Probate of Wills and Granting
Letters of Administration in and for
HUNTINGDON County, do hereby certify that on
the 14th day of January, Two Thousand and
Twenty-One,
Letters TESTAMENTARY
in common form were granted by the Register of
said County, on the

estate of _MATTHEW T BURNS_____, late of FRANKLIN TOWNSHIP
          (First, Middle, Last)

a/k/a   _MATTHEW TYLER BURNS_____

in said county, deceased, to _EMILY M BURNS_____
                             (First, Middle, Last)

and that same has not since been revoked.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the
seal of said office at HUNTINGDON, PENNSYLVANIA, this 14th day of January
Two Thousand and Twenty-One.

File No.        _2021- 00011_
PA File No.     _31- 21- 0011_
Date of Death   _12/20/2020_
S.S. #          _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_                 _Virginia Cooper_____
                                              Register Of Wills